
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TERRANCE JAMELA ARMSTEAD, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | 7:23-cv-08034-LSC <br> 7:22-cr-00214-LSC |

**MEMORANDUM OF OPINION**

**I.   Introduction**

Before this Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Terrance Jamela Armstead ("Armstead" or "Petitioner") on September 27, 2023, and entered by the clerk on October 23, 2023. (Doc. 1.) Armstead claims ineffective assistance of counsel on two grounds: (1) ineffective assistance of counsel at the plea negotiation stage and (2) ineffective assistance of counsel for failure to file an appeal of the sentence. (Doc. 1.) Armstead filed a motion to dismiss for ground one on March 18, 2024, and it was entered by the clerk on May 31, 2024. (Doc. 10.) Thus, for the reasons set forth below, this Court grants the motion to dismiss for ground one and an evidentiary hearing is due to be set for ground two.

## II. Background

Armstead pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Min. Entry 10/17/2022.) Petitioner appeared for sentencing on February 22, 2023, and this Court sentenced him to a term of imprisonment of eighty months. (Cr. Doc. 28.)

## III. Timeliness and Non-Successive Nature of Armstead's Section 2255 Motion

Petitioner filed his § 2255 motion alleging ineffective assistance of counsel on September 27, 2023. (Doc. 1.) That motion was his first under § 2255 and was timely filed within one year of his judgment becoming final. 28 U.S.C. § 2255(f)(1). (*Id.*)

## IV. Standard

In litigation stemming from a § 2255 motion, "'[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the…[movant's] allegations are affirmatively contradicted by the record.'" *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)).

However, it is appropriate for the Court to conduct an evidentiary hearing if, "'accept[ing] all of the…[movant's] alleged facts as true,'" the movant has

"'allege[d] facts which, if proven, would entitle him to relief.'" *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (internal citations omitted).

## V. Discussion

Armstead's § 2255 motion claims ineffective assistance of counsel on two grounds: (1) ineffective assistance of counsel at the plea negotiation stage and (2) ineffective assistance of counsel for failure to file an appeal of the sentence. (Doc. 1.)

### A. Ground One

Armstead filed his initial motion on September 27, 2023. (Doc. 1.) However, on March 18, 2024, Petitioner filed a motion to dismiss ground one of his petition. (Doc. 10.) His motion is granted and ground one is dismissed.

### B. Ground Two

An ineffective counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Eleventh Circuit has held "that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable. Prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 789 (11th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 477). In this

situation, the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct, he would have appealed. *Id*. at 792-93.

Armstead asserts that Counsel's performance was constitutionally deficient because "[Counsel] failed to file notice of appeal after [Petitioner] told him to do so." (Doc. 1 at 5.) The Government has filed an affidavit by Jason Neff, Armstead's defense counsel in this case, which stated that Neff did not have recollection of Armstead expressing his intent to appeal, nor did he receive any letters, emails, or calls with instructions to file the notice. (Doc. 9-2 at 2.) The affidavit states, "If I was instructed I would have filed a Notice of Appeal." (*Id.*) Because Armstead's assertions contradict Mr. Neff's assertion, this claim cannot be resolved on the existing record. Thus, there appears to be a direct conflict between Petitioner's position on the issue of appeal and Counsel's position. Accordingly, the Court will set this issue for a hearing at which it will take testimony on this issue.

## VI.  Conclusion

For the foregoing reasons, this Court grants Armstead's motion to dismiss for ground one. (Doc. 10.) Ground two of Armstead's § 2255 motion is hereby **RESERVED** for an evidentiary hearing, the date, time, and place to be set by separate order.

**DONE** and **ORDERED** on June 11, 2024.

                                         L. Scott Coogler
                                United States District Judge

215708