# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TERRANCE JAMELA ARMSTEAD,**   ) | |
| ) | |
| Petitioner,   ) | |
| )   **7:23-cv-08034-LSC** | |
| vs.   ) **7:22-cr-00214-LSC** | |
| ) | |
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| Respondent.   ) | |
| ) | |

## MEMORANDUM OF OPINION AND ORDER

### I.   Introduction

Before this Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Terrance Jamela Armstead ("Armstead") on September 27, 2023, and entered by the clerk on October 23, 2023. (Doc. 1.) Armstead claimed ineffective assistance of counsel on two grounds: (1) ineffective assistance of counsel at the plea negotiation stage and (2) ineffective assistance of counsel for failure to file an appeal of the sentence. Armstead filed a motion to dismiss ground one on March 18, 2024, and it was entered by the clerk on May 31, 2024. (Doc. 10.) In a memorandum of opinion and order, the Court dismissed ground one and scheduled an evidentiary hearing on ground two. (Docs. 11 & 12.) The Court appointed Stuart Albea to represent Armstead at the evidentiary hearing, which was held on August 28, 2024. As stated on the record during the

evidentiary hearing and for the following reasons, the Court will grant Armstead habeas relief on ground two, vacate his sentence, and set a hearing for his resentencing.

## II.    Background

Armstead pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Armstead appeared for sentencing on February 22, 2023, and this Court sentenced him to a term of imprisonment of 80 months. (Doc. 28.) Armstead did not appeal.

## III.    Standards

In litigation stemming from a § 2255 motion, "'[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the…[movant's] allegations are affirmatively contradicted by the record.'" *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the Court to conduct an evidentiary hearing if, "'accept[ing] all of the…[movant's] alleged facts as true,'" the movant has "'allege[d] facts which, if proven, would entitle him to relief.'" *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (internal citations omitted).

An ineffective assistance of counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the

petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Eleventh Circuit has held "that a lawyer who disregards instructions from his client to appeal has acted in a manner that is professionally unreasonable. Prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 789 (11th Cir. 2005) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). In this situation, the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct, he would have appealed. *Id*. at 792-93.

If successful, the remedy for this type of ineffectiveness is an out-of-time appeal. *Id.* at 793. The Eleventh Circuit has stated,

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (altered to reflect that current Rule 4(b)(1)(A)(i) allows fourteen days to appeal).

## IV. Discussion

Armstead's remaining claim is that his counsel failed to appeal despite him asking him to. The Government filed an affidavit by Jason Neff, Armstead's defense

counsel in this case, which stated that Mr. Neff did not have any recollection of Armstead expressing his intent to appeal, nor did he receive any letters, emails, or calls with instructions to file a notice of appeal. (Doc. 9-2 at 2.) The affidavit states, "If I was instructed I would have filed a Notice of Appeal." (*Id.*) Because Armstead's assertions contradicted Mr. Neff's assertion, the Court set this issue for a hearing and took testimony.

At the hearing, Armstead stated that immediately after he was sentenced, while he was still in the courtroom, he had a conversation with Mr. Neff during which he told him that he wanted to appeal his sentence. (Rough draft of hearing transcript at 5.) Armstead stated that Mr. Neff said, "okay. I will get with you within fourteen days." (*Id.*) Armstead further stated that he did not write a letter or telephone Mr. Neff within those 14 days because he was transported to a facility where he had no ability to use the phone, and he was then quarantined for ten days. (*Id.* at 6.) Mr. Neff testified that he cannot recall whether or not he had that conversation with Armstead. (*Id.* at 12.) He stated that he did not receive any communication from Armstead or from his family following his sentencing directing him to file an appeal. (*Id.*)

The Court finds credible Armstead's testimony that he directed Mr. Neff to appeal his sentence immediately after it was pronounced, while still in the courtroom. And as stated during the evidentiary hearing, the Court appreciates Mr.

Neff's honestly and candor regarding his inability to remember whether Armstead directed him to appeal. Under the circumstances of this case, there is no evidence before the Court contradicting Armstead's testimony that he timely requested his counsel to file an appeal. Consequently, the court concludes that § 2255 relief on this allegation of ineffective assistance of counsel is due to be granted; Armstead's sentence should be vacated; Armstead should be resentenced and the same sentence should be imposed; and Armstead should be advised of his appeal rights including the time that he will have to appeal. *See Phillips*, 225 F.3d at 1201.

## V.   Conclusion

For the foregoing reasons, Armstead's § 2255 motion is hereby **GRANTED** insofar as it relates to his claim that his counsel failed to file a notice of appeal. The Court will enter this order in *United States v. Armstead*, 7:22-cr-00214-LSC-NAD-1, vacating Armstead's sentence and setting a new sentencing hearing. This action is **DISMISSED**.

**DONE** and **ORDERED** on August 30, 2024.

L. Scott Coogler
United States District Judge

202713